**CARDEN LIVESAY LTD**
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
(480) 345-9500
(480) 345-6559 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Breanne Brouwer,<br><br>                    Plaintiff,<br><br>v.<br><br>Aledade, Inc.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL)** |

## INTRODUCTION

1. This is an action for discrimination and failure to accommodate in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, and the PUMP Act, 29 U.S.C. § 218d.

2. Plaintiff Breanne Brouwer ("Plaintiff") alleges that her former employer, Aledade, Inc. ("Defendant"), discriminated against her on the basis of her pregnancy and failed to provide reasonable accommodations related to childbirth and lactation.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1331 and 28 U.S.C. §1343 because this action arises under the laws of the United States.

4. Venue is proper in the District of Arizona pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b), as the unlawful employment practices alleged herein were committed within the State of Arizona, and Plaintiff would have worked within this District but for the alleged unlawful employment practice.



**PARTIES**

5. Plaintiff Breanne Brouwer is a resident of San Tan Valley, Arizona.

6. Plaintiff is a woman and was pregnant then a new mother during her employment with Defendant.

7. Defendant Aledade, Inc. is a Delaware corporation headquartered in Bethesda, Maryland.

8. Defendant employs over 500 employees and employed Plaintiff in Arizona.

**FACTUAL ALLEGATIONS**

9. Defendant hired Plaintiff in April 2023 as a Content Marketing Specialist.

10. Prior to accepting the role, Plaintiff disclosed her pregnancy and was told by Defendant she would receive 12 weeks of leave.

11. Plaintiff gave birth on April 30, 2023, and began maternity leave on May 1, 2023.

12. On May 15, 2023, Plaintiff saw that Defendant had posted a job listing identical to hers.

13. When Plaintiff returned from maternity leave on July 10, 2023, her job duties had materially changed in that she was given assignment that were outside the content marketing duties she had before.

14. Her content marketing duties had been given to the person hired while she was on maternity leave.

15. Defendant failed to restore Plaintiff to her original position or an equivalent role.

16. Defendant promised Plaintiff flexibility for lactation breaks.

17. Yet, Plaintiff's manager required her to be available for meetings during lactation breaks.

18. Plaintiff's supervisor also required her to calendar lactation times in advance.

19. These directives diminished Plaintiff's flexibility as a new mother and constituted interference with protected accommodations.

20. Plaintiff faced scrutiny over her attendance due to breastfeeding, childcare, and medical appointments.

21. Other similarly situated employees were not held to the same standard.

22. Plaintiff was eventually terminated on December 14, 2023, under the pretext of "attendance issues."

23. In reality, her absences were pregnancy, childbirth, medical, and lactation related.

24. Plaintiff timely filed a charge of discrimination on February 14, 2024 and received a Notice of Right to Sue dated April 29, 2025. A true and correct copy of those documents are attached hereto as Exhibits A & B respectively.

25. All conditions precedent to this suit have been excused or satisfied.

### COUNT I: TITLE VII DISCRIMINATION (PREGNANCY)

26. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

27. Title VII prohibits discrimination based on pregnancy, childbirth, or related medical conditions.

28. Plaintiff was a member of a protected class.

29. Plaintiff was qualified for her position and performed her job duties satisfactorily.

30. Plaintiff suffered adverse employment actions.

31. These included a material change in job duties, a discriminatory loss of flexibility in her work, and termination.

32. Defendant treated Plaintiff less favorably than similarly situated employees who were not pregnant.

33. The adverse actions were taken because of Plaintiff's pregnancy and related conditions.

34. Thus, Defendant violated Title VII.

35. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

36. Plaintiff suffered harm including emotional distress and loss of income.

37. Plaintiff is thus entitled to equitable remedies, as well as compensatory and punitive damages.



## COUNT II: TITLE VII RETALIATION

38. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

39. Plaintiff engaged in protected activity under Title VII, including requesting reasonable accommodations related to pregnancy and lactation, and opposing discriminatory conduct.

40. Defendant was aware of Plaintiff's protected activities.

41. Defendant took adverse actions against Plaintiff as described above.

42. Plaintiff was subjected to adverse employment actions, including reassignment of duties, increased scrutiny, and eventual termination.

43. Thus, Defendant violated Title VII.

44. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

45. Plaintiff suffered harm including emotional distress and loss of income.

46. Plaintiff is thus entitled to equitable remedies, as well as compensatory and punitive damages.

## COUNT III: PWFA – FAILURE TO ACCOMMODATE

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. The PWFA requires employers to provide reasonable accommodations to employees with known limitations related to pregnancy, childbirth, or related medical conditions.

49. Plaintiff had a known limitation requiring lactation breaks and medical leave.

50. Plaintiff requested reasonable accommodations.

51. Defendant failed to provide reasonable accommodations and took adverse action against Plaintiff for requesting them.

52. Defendant required Plaintiff to attend meetings during lactation breaks.

53. Defendant penalized Plaintiff for time off related to medical needs.

54. Defendant treated these limitations as performance issues.

55. Thus, Defendant violated the PWFA.

56. Defendant acted with malice or reckless indifference to Plaintiff's rights.



57. Plaintiff suffered harm including emotional distress and loss of income.

58. Plaintiff is thus entitled to equitable remedies, as well as compensatory and punitive damages.

**COUNT IV: PWFA – RETALIATION**

59. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

60. The PWFA prohibits retaliation against employees who request accommodations related to pregnancy, childbirth, or related medical conditions.

61. Plaintiff engaged in protected activity under the PWFA by requesting accommodations related to lactation breaks and schedule flexibility.

62. Defendant subjected Plaintiff to adverse actions, including reduced work flexibility, increased scrutiny, and termination.

63. These actions were taken because of Plaintiff's protected activity.

64. Thus, Defendant violated the PWFA.

65. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

66. Plaintiff suffered harm including emotional distress and loss of income.

67. Plaintiff is thus entitled to equitable remedies, as well as compensatory and punitive damages.

**COUNT V: PUMP FOR NURSING MOTHERS ACT VIOLATION**

68. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

69. Under the PUMP Act, 29 U.S.C. § 218d, employers are required to provide reasonable break time for an employee to express breast milk each time such employee has need to express milk for one year after the child's birth.

70. The Act further requires that employees be relieved of work duties during such breaks and be provided a private, non-bathroom space to express milk.

71. Defendant violated the PUMP Act by failing to provide reasonable break time, specifically requiring Plaintiff to be available for meetings and to perform work tasks during lactation breaks, and by restricting the flexibility of such breaks through pre-scheduling



requirements.

72. Defendant discharged Plaintiff for making a request for reasonable break time and/or for opposing the restrictions placed on her break time under the PUMP Act.

73. These actions violated Plaintiff's statutory rights and caused her emotional distress and work-related harm.

74. Thus, Defendant's conduct constitutes a willful violation of the PUMP Act.

75. Plaintiff is entitled to legal and equitable relief including lost wages, liquidated damages, compensatory damages and "make whole" relief, and injunctive relief.

76. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

77. Plaintiff is thus entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in her favor and against Defendant;

B. Declare that Defendant violated Title VII, the PWFA, and the PUMP Act;

C. Award Plaintiff compensatory and punitive damages in an amount to be determined at trial;

D. Award Plaintiff back pay, front pay (or reinstatement), and benefits;

E. Award Plaintiff pre- and post-judgment interest;

F. Award Plaintiff reasonable attorneys' fees and costs;

G. Order appropriate equitable and injunctive relief; and

H. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 15th day of July, 2025,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*Breanne Brouwer*

